UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Clarence D. Johnson,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION No. |
| | ) 13-13223-NMG |
| | ) |
| **SHEET METAL LOCAL #100, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GORTON, J.**

On December 3, 2013, Clarence D. Johnson ("Johnson"), at that time a resident of Maryland, initiated the instant action against several unions. By Order dated February 5, 2014, Johnson was permitted to proceed in forma pauperis and was advised that his complaint was subject to dismissal. See Docket No. 4. He was granted additional time to file an amended complaint to replace the original complaint. Id.

Now before the Court are Johnson's show cause reply and motions to appoint counsel, for hearing, to seal documents, to change venue and to move case to another jurisdiction. See Docket Nos. 8, 9-10, 12-13, 17, 18.

Plaintiff's show cause response consists of six handwritten pages accompanied by ten pages of documents including telephone recording laws, Department of Labor excerpts from the Federal Register and plaintiff's credit report information. See Docket No. 8. In his reply, Johnson clarifies that his claim is against defendants Cliff Savoy, Lance Watson, Dale Orshields, Melvin

Whittey, and Cornelius Battle.  Id. at pp. 1, 2.  He complains that these defendants conspired for several years with "public figures, judges, politicians, police, FBI Agency's and others in over a dozen state's violated health care act HIPPA act, Department of labor laws by way of using the Bible."  Id. at p. 2.  Among other things Johnson complains that the defendants "would go behind [his] back by way of illegal cell phone bugging and have illegal agreements with employees [and would pass judgment on Johnson] for looking at women that they would show [him] on [their] phone."  Id. at p. 3.

After closely reviewing Johnson's reply and pending motions, the Court finds that he failed to demonstrate good cause why this action should not be dismissed.  Although Johnson had a full opportunity to allege facts sufficient to state a claim after receiving the Court's Memorandum and Order, it does not seem likely that Johnson will be able to state additional facts sufficient to state a claim.  The Court concludes that it would be futile to permit further amendment and, having failed to demonstrate any reason why this action should not be dismissed, this action will be dismissed.

ACCORDINGLY, in accordance with this Court's order dated February 5, 2014, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the within action be and it is

hereby DISMISSED for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The clerk shall terminate the pending motions.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 13, 2015